**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tareq Zakarneh,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-06361-PHX-KML

**ORDER**

Petitioner Tareq Zakarneh filed a petition for writ of habeas corpus and a motion for temporary restraining order. (Docs. 1, 2.) In 2019, Zakarneh—a Palestinian national—was ordered "removed to the Palestinian Occupied Territories." (Doc. 1 at 1, 5.) Zakarneh alleges respondents plan to remove him "to the West Bank by flying him to Ben Gurion in Tel Aviv, Israel." (Doc. 1 at 6.) Zakarneh fears "he will be detained, interrogated, and tortured by Israeli authorities on arrival." (Doc. 1 at 7.) The petition alleges five claims based on Zakarneh not receiving the "opportunity to present any claim of persecution or torture" regarding removal to Israel or the West Bank, including that his removal will violate 8 U.S.C. § 1231(b) and the Convention Against Torture, the government's reliance on undisclosed evidence violates due process, and his removal to Israel will be "ultra vires." (Doc. 1 at 8-10.)

Zakarneh brought similar claims in other habeas petitions, but he was not successful. As relevant here, the Western District of Washington recently addressed the procedure the government plans to follow in removing Zakarneh to the West Bank. In that case a

government official provided a declaration that established "once [Zakarneh] arrives in Tel Aviv, he will remain in ICE custody and [be] securely transported to the West Bank, Occupied Palestinian Territories[,] and [a]t no point will [he] be placed in the custody of the Israeli government." *Zakarneh v. Rubio*, No. 2:26-CV-01556-DGE, 2026 WL 2491204, at *1 (W.D. Wash. Aug. 25, 2026). Neither Zakarneh's current petition nor his motion for temporary restraining order addresses that declaration.

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Zakarneh has not shown a likelihood of success or a substantial case on the merits.

Zakarneh has not provided any competent evidence showing his planned removal to the West Bank is unlawful. To the extent he fears he will be handed over to Israeli officials, the declaration provided in the Western District of Washington refutes that position. Zakarneh provides no facts to undermine that declaration. Without evidence that Zakarneh might be turned over to Israeli officials, there is no basis to award immediate injunctive relief. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting [injunctive relief].").

**IT IS ORDERED** the Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

Dated this 9th day of September, 2026.

Honorable Krissa M. Lanham
United States District Judge